UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| V. | § CAUSE NO. A-17-MJ-305 (1) ML <br> § |
| STEVEN THOMAS BOEHLE | § |

**DEFENDANT'S LEGAL MEMORANDUM REGARDING PROBABLE CAUSE**

TO THE HONORABLE MARK P. LANE, UNITED STATES MAGISTRATE JUDGE, FOR THE WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION:

     Now comes David M.C. Peterson, Assistant Federal Public Defender and court-appointed attorney for defendant Steven Thomas Boehle, and submits this memorandum regarding probable cause and would show the Court as follows:

**I.**

**The Law Regarding 922(g)(9)**

     To proceed beyond a preliminary hearing, the government must prove probable cause as to every element of the offense it charges. *See United States v. Outler*, 659 F.2d 1306, 1310 (5th Cir. 1981) ("Unless every element of an offense appears in the indictment, it is impossible to assure the defendant that a grand jury properly determined probable cause of the offense.") While *Outler* dealt with an indictment, the same principle applies for a court to hold a person over on a complaint.

     The elements of 18 U.S.C. § 922(g)(9) are:

     First: that the defendant knowingly possessed a firearm as charged;

Second: That before the defendant possessed the firearm, the defendant had been convicted in any court of a *misdemeanor crime of domestic violence*.

Third: That the firearm possessed traveled in interstate commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another.

18 U.S.C. § 922(g)(9); Fifth Circuit Pattern Criminal Jury Instruction 2.43D (modified).

The italicized "misdemeanor crime of domestic violence" has a precise meaning, and is an element of the offense. *United States v. Hayes*, 555 U.S. 415, 426 (2009). The term "misdemeanor crime of domestic violence" means an offense that—

> (i)  is a misdemeanor under Federal, State, or Tribal [3] law; and

> (ii)  has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A).

This element can and must be divided into two parts: first, it must be a "crime of violence" under 18 U.S.C. § 921(a)(33)(A). *See United States v. Castleman*, 134 S.Ct. 1405 (2014). This is a legal question for the Court. *Id.* To be a "crime of violence," the state law offense must involve a use of force that is greater than negligence. *Id.*, *United States v. Voisine*, 136 S.Ct. 2272 (2016). Second, the government must prove a "domestic relationship" under federal law between the complainant and the defendant. This is a factual question. *Hayes*, 555 U.S. at 426.

**A. Use of Force.**

In *Castleman* and *United States v. Voisine*, 136 S.Ct. 2272 (2016), the Supreme Court reaffirmed the definition of "use of force" in *Leocal*, and applied it within the framework of Congress's intent in drafting 922(g)(9). Three principles emerge:

(1) the common-law definition of assault provides the background for the scope of "use of force," allowing for knowing and intentional causation of bodily injury, (*Castleman*)

(2) a *reckless* use of force is also within the scope of "use of force" (*Voisine*),

(3) a negligent act cannot amount to a crime of violence by which an individual may be forever stripped of their Second Amendment right to possess a firearm. *Castleman*, 134 S.Ct. at 1415 ("*Leocal* held that the 'use' of force must entail 'a higher degree of intent than negligent or merely accidental conduct.'"), *citing Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).

Relevant for this hearing: a state statute outlawing "negligent" conduct is not a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9).

The government must show by probable cause that Mr. Boehle has been convicted of a misdemeanor crime of domestic violence, and as a legal matter, it cannot under Connecticut law.[1]

**B. The Domestic Relationship.**

In *Hayes*, the Court held that, while the element of a "domestic relationship" need not be an element of the underlying misdemeanor domestic violence offense, "to obtain a conviction in a

---

[1] If it cannot show probable cause that he was convicted of a "misdemeanor crime of domestic violence" under 922(g)(9), it cannot show that he made a false statement when—as alleged—he answered "no" to the question of whether he had been convicted of a crime of domestic violence on ATF form 4473.

3

§ 922(g)(9) prosecution, the Government must prove beyond a reasonable doubt that the victim of the predicate offense was the defendant's current or former spouse or was related to the defendant in another specified way [under 18 U.S.C. § 921(a)(33)(A)]." *Id.* at 426. The specified ways are that the offense was committed by (1) a current or former spouse, (2) parent, or guardian of the victim, (3) by a person with whom the victim shares a child in common, (4) by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or (5) by a person similarly situated to a spouse, parent, or guardian of the victim. *See* 18 U.S.C.A. § 921(a)(33)(A)(ii).

The government must prove this beyond a reasonable doubt at trial; it must prove it by probable cause at a preliminary hearing.

## II.

### Application of the Law to the Predicate Conviction Shows That There Is No Probable Cause That Boehle Was Convicted of a "Misdemeanor Crime of Domestic Violence."

**A. Connecticut's Misdemeanor Assault Statute Cannot Be A "Misdemeanor Crime of Domestic Violence."**

**1. The statute sweeps far more broadly than an "ordinary" misdemeanor assault statute, and includes negligent conduct.**

Connecticut's assault statute, in conjunction with its family violence statute, is not an "ordinary" assault statute: it criminalizes negligent conduct, which falls outside of the scope of "use of force" under 18 U.S.C. § 921(a)(33)(A).

The complaint in this case states that a National Instant Criminal Background Check System (NICS) search found a single possible disabling conviction:

Assault (53a-60/53a-61) – New Haven, CT

4

Convicted 10/04/93, Dkt#06N-CR93-0365799[2]

*See United States v. Boehle*, 17-mj-305-ML, *Complaint*, Dkt. # 1, p. 1.  The Connecticut statute referenced in the complaint is worded as follows:

> (a) A person is guilty of assault in the third degree when: (1) With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or (2) he recklessly causes serious physical injury to another person; or *(3) with criminal negligence, he causes physical injury to another person by means of a deadly weapon, a dangerous instrument or an electronic defense weapon.*
>
> (b) Assault in the third degree is a class A misdemeanor and any person found guilty under subdivision (3) of subsection (a) of this section shall be sentenced to a term of imprisonment of one year which may not be suspended or reduced.

C.G.S.A. § 53a-61, Assault in the third degree: Class A misdemeanor.[3]

The statute is undoubtedly broader than a "misdemeanor crime of domestic violence," because it involves the very negligent conduct that *Castleman* reaffirmed as outside the scope of "use of force" under *Leocal*.  *Castleman*, 134 S.Ct. at 1415.

---

[2] These records have been requested but not provided by the government.  This motion simply restates the allegations in the complaint; there is no evidence that the NICS database is accurate and Mr. Boehle does not concede that he has a conviction.

[3] The government does not allege a conviction under 53a-60, but its elements are even broader:

§ 53a-60. Assault in the second degree: Class D felony

> (a) A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, the actor causes such injury to such person or to a third person; or (2) with intent to cause physical injury to another person, the actor causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument other than by means of the discharge of a firearm; or (3) the actor recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or (4) for a purpose other than lawful medical or therapeutic treatment, the actor intentionally causes stupor, unconsciousness or other physical impairment or injury to another person by administering to such person, without his consent, a drug, substance or preparation capable of producing the same; or (5) the actor is a parolee from a correctional institution and with intent to cause physical injury to an employee or member of the Board of Pardons and Paroles, the actor causes physical injury to such employee or member; or (6) with intent to cause serious physical injury to another person by rendering such other person unconscious, and without provocation by such other person, the actor causes such injury to such other person by striking such other person on the head; or (7) with intent to cause physical injury to another person, the actor causes such injury to such person by striking or kicking such person in the head while such person is in a lying position.
>
> (b) Assault in the second degree is a class D felony or, if the offense resulted in serious physical injury, a class C felony.

Connecticut defines "criminal negligence" unsurprisingly:

> (14) A person acts with ' criminal negligence' with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation. . .

C.G.S.A. § 53a–3.

### 2. Connecticut's misdemeanor assault statute is indivisible.

The Court is required to utilize the categorical approach in determining whether the element of a "crime of violence" is met under 18 U.S.C. § 922(g)(9). *Castleman*, 134 S.Ct. at 1413 (2014) ("We begin with Taylor 's categorical approach, under which we look to the statute of Castleman's conviction to determine whether that conviction necessarily "ha[d], as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon," § 921(a)(33)(A)"); s*ee also, e.g., United States v. Stokes*, 41 F.Supp.3d 525 (N.D. Miss. 2014) (applying the modified categorical approach to determine whether a predicate was a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)).

Even if the government does provide the court with conviction documents, it cannot establish probable cause of the "misdemeanor crime of domestic violence" element of 922(g)(9) because Connecticut's statute is indivisible with regards to *mens rea*. This is because the Connecticut Supreme Court has stated that the various mental states—including the non-forceful negligent *mens rea*—are merely alternative means of committing the crime.

In *Mathis v. United States*, 136 S.Ct. 2243, 2251 (2016), the Supreme Court reaffirmed that "how a given defendant actually perpetrated the crime—what we have referred to as the 'underlying brute facts or means' of commission—makes no difference; even if his conduct fits

6

within the generic offense, the mismatch of elements saves the defendant. . .").  When a statute identifies alternative means of committing an offense, then those means are "just the facts," which do not enter into the categorical analysis.

Such is the Connecticut statute.  In *State v. Tanzella*, 628 A.2d 973 (1993), the Connecticut Supreme Court held that third degree assault at issue here described three different mental states as "*simply different means of committing the same crime*, namely, assault in the third degree."  *Id.* at 980 (emphasis added).  The separate means of committing the crime could be alleged separately or amended during trial.  *Id.*  The statute simply requires "the state to prove that the defendant, with a significantly culpable mental state, inflicted some degree of physical injury on another person.  These are not different crimes but simply different means of committing the same crime, namely, assault in the third degree."  *Id.*

### 3. Any other reading of the statute would render 18 U.S.C. § 922(g)(9) unconstitutional facially and as applied in this case.

The Supreme Court in *Voisine* held that a "reckless" assault statute could constitute a crime of violence because to "use force" recklessly is to "consciously disregard" a substantial risk that the conduct will cause harm to another.  *Voisine*, 136 S.Ct. at 2278.  A lower *mens rea* of negligence—failure to perceive a substantial risk—falls squarely outside of the "use of force" discussed in *Leocal*, and furthermore runs right into the warning by Justices Thomas and Sotomayor in dissent in *Voisine*: such a use (as applied) or interpretation (facial) of this law "expands § 922(g)(9)'s sweep into patently unconstitutional territory."  *Id.* at 2291.[4]

---

[4] To paraphrase Justice's Thomas and Sotomayor: "Under the [government's] reading, a single conviction under a state assault statute for [negligently] causing an injury to a family member. . . can now trigger a lifetime ban on gun ownership.  And while it may be true that such incidents are rarely prosecuted, this decision leaves the right to keep and bear arms up to the discretion of federal, state, and local prosecutors.  We treat no other constitutional right so cavalierly."  *Id.*

7

### B. Connecticut's "Family Violence" Provision Sweeps More Broadly Than The Limited Definition of "Domestic Relationship."

The government must also prove probable cause of the element of a "domestic relationship." *Hayes*, 555 at 426. There are five potential relationships making a "domestic relationship" under 18 U.S.C. § 921(a)(33)(A)(ii):

(1) a current or former spouse,

(2) parent, or guardian of the victim,

(3) by a person with whom the victim shares a child in common,

(4) by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or

(5) by a person similarly situated to a spouse, parent, or guardian of the victim.

Again, however, Connecticut's "family violence" statute sweeps more broadly. *See* C.G.S.A. § 46b-38a. Under that statute, which defines the necessary relationship by the victim rather than the defendant, "family or household member means any of the following persons, regardless of the age of such person:

(A) Spouses or former spouses;
(B) Parents *or their children*;
(C) *Persons related by blood* or marriage;
(D) *Persons other than those persons described in subparagraph (c) of this subdivision presently residing together or who have resided together*;
(E) Persons who have a child in common regardless of whether they are or have been married or have lived together at any time; and
*(F) Persons in, or who have recently been in, a dating relationship.*

C.G.S.A. § 46b-38a. Absent evidence that this statute is divisible and evidence that the alleged victim in the 24-year-old conviction fell within the federal definition of "domestic relationship," this statute does not make out evidence of a federal crime, because it sweeps in roommates, parents, siblings, and persons in or recently in dating relationships.

### III.

8

**Conclusion**

Because the Connecticut statute the government asserts is a predicate offense for the 922(g)(9) charge criminalizes "negligent" acts, the government cannot probable cause that Mr. Boehle was convicted of a misdemeanor "crime of domestic violence." Moreover, the government must show probable cause of the "domestic relationship" that it would be required to prove to a jury beyond a reasonable doubt.

        Respectfully submitted.

        MAUREEN SCOTT FRANCO
        Federal Public Defender

        _____
        /s/ DAVID M.C. PETERSON
        Assistant Federal Public Defender
        Western District of Texas
        Lavaca Plaza
        504 Lavaca St., Ste. 960
        Austin, Texas 78701
        (512) 916-5025
        (512) 916-5035 (FAX)
        Bar Number: California 254498

        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2017, I electronically filed the foregoing Defendant's Requested Jury Instructions with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Gregg Soffer
Assistant U.S. Attorney
816 Congress Ave., Ste. 1000
Austin, TX 78701

/s/ DAVID M.C. PETERSON